# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-1584
Lower Tribunal Nos. 88-33816 and 89-2983

_____

**Jean J. Jules,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction -- Mandamus.

Jean J. Jules, in proper person.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for respondent.

Before WELLS, SUAREZ and SCALES, JJ.

PER CURIAM

Jean J. Jules petitions this Court for a writ of mandamus apparently seeking to compel the trial court once again to review Jules's allegation that when Jules was found guilty of several crimes[1] in 1989, the trial court failed to consider victim input pursuant to Florida Statutes section 921.143(1) (1989). Jules's petition for writ of mandamus is Jules's attempt to employ a different procedure to obtain review of an issue already disposed of by this Court. Jules v. State, 117 So. 2d 1098 (Fla 3d DCA 2013) (Table). Accordingly, we deny the petition for writ of mandamus and issue an order to show cause as described below.

ORDER TO SHOW CAUSE

This Court has reviewed multiple post-conviction petitions that Jules has filed either initially in the trial court or directly with this Court.[2]

---

[1] Pursuant to a negotiated plea, Jules was found guilty of burglary of an occupied dwelling (lower tribunal number F88-33816) and burglary of a dwelling with a firearm and grand theft in the third degree (lower tribunal number F89-2983). He was sentenced as a habitual offender to forty years in prison.

[2] Jules v. State, 584 So. 2d 237 (Fla. 3d DCA 1991) (Mem); Jules v. State, 808 So. 2d 223 (Fla. 3d DCA 2002) (Table); Jules v. State, 837 So. 2d 986 (Fla. 3d DCA 2003) (Table); Jules v. State, 864 So. 2d 421 (Fla. 3d DCA 2003) (Table); Jules v. State, 880 So. 2d 1230 (Fla. 3d DCA 2004) (Table); Jules v. State, 909 So. 2d 962 (Fla. 3d DCA 2005) (Mem); Jules v. State, 928 So. 2d 352 (Fla. 3d DCA 2006) (Table); Jules v. State, 946 So. 2d 28 (Fla. 3d DCA 2006) (Table); Jules v. State, 953 So. 2d 537 (Fla. 3d DCA 2007) (Table); Jules v. State, 970 So. 2d 838 (Fla. 3d DCA 2007) (Table); Jules v. State, 22 So. 3d 87 (Fla. 3d DCA 2009) (Table); Jules v. State, 41 So. 3d 227 (Fla. 3d DCA 2010 (Table); Jules v. State, 117 So. 3d 1098 (Fla. 3d DCA 2013) (Table).

Jules is hereby directed to show cause, within forty-five days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other proceedings related to his criminal sentencing in circuit court case numbers F89-2983 and F88-33816.

If Jules does not demonstrate good cause, any such further and unauthorized filings by Jules will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. See § 944.279(1), Fla. Stat. (2014).

Petition denied. Order to show cause issued.